**In re Vincent Russell CHIODO d/b/a Chiodo Farms, Debtor.**

**Vincent Russell CHIODO d/b/a Chiodo Farms, Plaintiff,**

**v.**

**NBC BANK–BROOKS FIELD, Defendant.**

Civ. A. No. SA–88–CA–352.

Bankruptcy No. 87–50438–A.

Adv. No. 87–5179–A.

United States District Court,
W.D. Texas,
San Antonio Division.

May 12, 1988.

Order Denying Motion June 8, 1988.

cent Russell Chiodo d/b/a Chiodo Farms, and the report and recommendation of the Bankruptcy Judge with regard thereto. Being unopposed, the report and recommendation are hereby adopted by the Court pursuant to Bankruptcy Rule 9033.

The Court finds that:

(1) This Court has jurisdiction under 28 U.S.C. § 1334(b);

2. Although this proceeding was properly removed under 28 U.S.C. § 1452(a), mandatory abstention under 28 U.S.C. § 1334(c)(2) may apply to this proceeding;

3. Abstention under 28 U.S.C. § 1334(c)(2) does apply to this proceeding; and

4. Remand under 28 U.S.C. § 1452(b) is appropriate.

IT IS THEREFORE ORDERED this this Court will ABSTAIN from hearing this adversary proceeding. It is further ORDERED that this proceeding is REMANDED to the 288th Judicial District Court, Bexar County, Texas.

## ORDER DENYING MOTION TO RESCIND ORDER OF ABSTENTION

The Court has considered the motion under Fed.R.Civ.P. 60(a) filed by NBC Bank—San Antonio, N.A. ("NBC"), as well as the response of Vincent Russell Chiodo, d/b/a Chiodo Farms. After such consideration, the Court hereby denies the motion of NBC to rescind the *Order of Abstention* filed May 12, 1988.

### APPENDIX

United States Bankruptcy Court

Western District of Texas

San Antonio Division

April 7, 1988.

## REPORT AND RECOMMENDATION FOR DISPOSITION OF "MOTION FOR ABSTENTION AND REMAND"

R. GLEN AYERS, Jr., Bankruptcy Judge.

Pending before the Court is the Plaintiffs' Motion for Abstention and to Remand

Martin Warren Seidler, San Antonio, Tex., for plaintiff.

Diann Marie Bartek, William H. Lemons, III, Cox & Smith, Patrick K. Sheehan, Thomas A. Countryman, Cox & Smith Inc., San Antonio, Tex., for defendant.

## ORDER OF ABSTENTION

SUTTLE, Senior District Judge.

Pending is the motion for abstention and remand filed by the debtor, Vin-

and the Defendant's Response to the motion. Both parties have filed briefs. Pursuant to Bankruptcy Rules 5011(c) and 9027(e), the Court makes the following report and recommendation. For the reasons set out below, this Court recommends that the District Judge abstain from hearing this proceeding and remand it back to the 288th Judicial District, Bexar County, Texas.

### I.

On February 20, 1987, Vincent Chiodo d/b/a Chiodo Farms (the "Debtor") filed his bankruptcy petition. On June 30, 1987, the Debtor filed a petition in the District Court for Bexar County, Texas. That petition is a "lender liability" suit in which the Debtor seeks actual and punitive damages under the Texas Deceptive Trade Practices —Consumer Protection Act. The acts the Debtor complains of are all pre-petition acts. On July 17, 1987, defendant NBC Bank—Brooks Field (the "Bank") filed its Application for Removal of Civil Action pursuant to 28 U.S.C. sec. 1452(a). The Bank then filed its answer, various affirmative defenses and counterclaimed to recover the amount due under a real estate lien note, attorneys fees and costs. The Bank is now proceeding under its Second Amended Answer and Second Amended Counterclaim. The Bank's pleadings now seek foreclosure of liens on real and personal property that secure the real estate lien note.

In September 1987, the Bank filed a motion to compel the joinder of Cleo Chiodo as a plaintiff and a motion for leave to add Cleo Chiodo as a third-party defendant. Cleo Chiodo is co-maker of the real estate lien note. Both motions were subsequently granted on October 8, 1987. The Debtor and Cleo Chiodo (hereinafter "the Plaintiffs") filed a joint First Amended Complaint in which Cleo Chiodo makes a jury demand. Cleo Chiodo also made a jury demand in her answer to the third-party complaint.[1]

### II.

The Court has jurisdiction of this proceeding under 28 U.S.C. sec. 1334(b). The test for jurisdiction is "whether the outcome could conceivably have any effect on the estate being administered in bankruptcy." *Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987). The outcome of this proceeding will obviously affect this estate as the Bank holds one of the largest claims against this estate and holds liens on much of the property of the estate. If the Plaintiffs prevail, the note will be satisfied and the encumbered property will then be available to pay other creditors or to support the Debtor's reorganization efforts.

Next, the Court must determine the nature of its authority over this proceeding —*i.e.* it must determine whether this is a core proceeding or an otherwise related proceeding under 28 U.S.C. 157. *In re Cemetery Development Corp.*, 59 B.R. 115, 118 (Bankr.M.D.La.1986). The Fifth Circuit has held that "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood*, 825 F.2d at 97. The Plaintiffs' complaint does not invoke any rights provided by title 11, but asserts only rights under Texas law. The complaint alleges that the Bank's actions resulted in the Debtor's bankruptcy petition, but the Bank's actions were all pre-petition actions. Thus, it cannot be said that this proceeding could *only* rise in the context of a bankruptcy case.

The test to determine whether a proceeding is a related proceeding, but not a core proceeding, may also be stated in other terms. " 'Related proceedings' are those which (1) involve causes of action owned by the debtor that became property of the

---

1. The Debtor had made a jury demand on September 9, 1988 in its answer to the counterclaim. The Debtor had not fully complied with Tex.R.Civ.P. 216 which requires a jury fee be paid. This proceeding was removed prior to the 1987 amendments to the Bankruptcy Rules. Bankruptcy Rule 9027(i), as it existed prior to the amendments, required a jury demand within 10 days of notice of the application for removal. The Debtor did not make a timely jury demand.

estate under section 541, and (2) suits between third parties which in one way or another affect the administration of the estate." 1 *Collier on Bankruptcy* P. 3.01 at 3–25 (15th ed. 1987). This proceeding contains both of the two different grounds by which a proceeding may be classified as related. The facts that the Debtor alleges were all pre-petition acts, and thus the cause of action was a prepetition cause of action. *See Smart v. Texas American Bank/Galleria*, 680 S.W.2d 896, 898 (Tex. Civ.App.—Houston [1st Dist.], 1984, no writ); *Bauman v. Centex Corp.*, 611 F.2d 1115, 1118 (5th Cir.1980) (cause of action accrues when acts committed). The cause of action is an legal interest owned by the debtor which became property of the estate under section 541(a)(1). This proceeding is also one between two third parties—Cleo Chiodo and the Bank—that affects the administration of the estate.

■ Nevertheless, the Bank contends that this is a core proceeding because it has filed a Proof of Claim for the amounts due under the real estate lien note that is the basis for the Bank's counterclaim. In determining core or related status, this Court must look to the substance as well as the form of the proceeding. *Wood*, 825 F.2d at 97. A review of the bankruptcy case docket sheet shows that the Debtor has not filed an objection to the Bank's proof of claim. Additionally, the Plaintiffs' answers to the counterclaim state that the nothing is due under the note because, pursuant to the complaint, the Bank is liable for sums in excess of the amount of the note. The Court interprets these pleadings as not disputing the validity of the Bank's claim under the note; the Debtor here asserts that a successful conclusion of this proceeding will offset the amount due under the note. Thus, the Court concludes that this proceeding is not a proceeding to allow or disallow a claim against the estate as that phrase is used in 28 U.S.C. sec. 157(b)(2)(B). The Court concludes that this is an otherwise related proceeding governed by section 157(c)(1).

### III.

■ The Debtor asserts that the Court must mandatorily abstain from hearing this proceeding under 28 U.S.C. sec. 1334(c)(2). The Bank takes the position that section 1334(c)(2) does not apply to actions removed under 28 U.S.C. sec. 1452, but rather is applicable only to cases commenced originally in bankruptcy court. The Bank relies on an unpublished opinion by this Court which primarily relied on *In re 666 Associates*, 57 B.R. 8 (Bankr.S.D.N.Y.1985). Although not at issue here, the Court notes that other decisions interpreting section 1334(c)(2) have stated that it does not apply to proceedings which were originally brought in bankruptcy courts.[2] Those decisions interpret the phrase "is commenced" as meaning that a State court proceeding had to have been previously filed.[3] When the above two interpretations on the applicability of section 1334(c)(2) are put together, the section disappears. On the one hand, section 1334(c)(2) does not apply if the action was originally brought in State court and removed to bankruptcy court; on the other hand, section 1334(c)(2) does not apply if the action is originally brought in bankruptcy court. After this analysis, the only conclusion to be reached is that one or the other of these limits on the applicability of section 1334(c)(2) *must* be wrong. *See United States v. Menasche*, 348 U.S. 528, 538–539, 75 S.Ct. 513, 519–520, 99 L.Ed. 615 (1955) ("It is our duty to give effect, if possible, to every clause and word of a

---

**2.** *Taxel v. Commerce Bank,* 64 B.R. 980 (Bankr. S.D.Cal.1986); *Ram Construction Co. v. Port Authority of Allegheny County,* 49 B.R. 363 (W.D. Pa.1985); *Braucher v. Continental Illinois National Bank & Trust Co.,* 50 B.R. 232 (Bankr.D. Colo.1985); *Matter of Boughton,* 49 B.R. 312 (Bankr.N.D.Ill.1985); *Matter of Climate Control Engineers, Inc.,* 51 B.R. 359 (Bankr.M.D.Fla. 1985); *In re S.E. Hornsby & Sons Sand & Gravel Co., Inc.,* 45 B.R. 988 (Bankr.M.D.La.1985).

**3.** Most of the cases cited at note 2 have a second ground for finding that abstention is not mandated. Most cases stating that a prior state action is required rely on *In re S.E. Hornsby & Sons Sand & Gravel Co., Inc.,* 45 B.R. 988 (Bankr. M.D.La.1985). However, in *Hornsby,* a prior state action had been commenced; reliance on *Hornsby* on this point is misplaced.

statute, rather than to emasculate an entire section.")

As the Debtor had previously commenced a State court action, only the interplay between sections 1334 and 1452, 28 U.S.C. secs. 1334, 1452, will be addressed.[4] Section 1452, in pertinent part, provides:

> "(a) A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground...." 28 U.S.C. sec. 1452.

The court, in *In re 666 Associates,* concluded that section 1334(c)(2) did not apply to actions removed under section 1452(a), stating:

> "If Congress had intended that in considering whether to remand a removed action, the court should look to 1334(c)(2) it would have been a simple matter to insert the appropriate cross-reference to 1452(b), just as a cross-reference to 1334 was added in 1452(a). The absence of such a cross-reference is striking since removed actions would principally be state court actions and presumably be based on state law." 57 B.R. at 12.

This reasoning reads subsection (c)(2) out of section 1334. The plain meaning of the jurisdictional reference in section 1452(a) is that section 1334 applies in its entirety. The cross-reference does not state that actions may be removed if the district court has jurisdiction under section 1334(b) but that is the effect of the *666 Associates* reasoning. Under section 1334, Congress grants jurisdiction over bankruptcy matters to the district courts, but Congress has also specifically directed district courts to abstain in certain instances provided for in

section 1334(c)(2). Mandatory abstention is an integral limitation to the grant of jurisdiction; courts are not allowed to pick and choose which subsections of a statute they wish to apply when Congress has directed that an entire section shall apply in a given situation. The lack of a cross-reference in section 1452(b) is not important because section 1334(c)(2) is incorporated by section 1452(a) along with the rest of section 1334. *See State Bank of Lombard v. Chart House,* 46 B.R. 468, 471–472 (N.D.Ill.1985).

Additionally, the *666 Associates* reasoning fails to distinguish between abstention and remand. Any time a court remands a case, it is also abstaining from hearing that case. *See In re Adams,* 809 F.2d 1187, 1188 (5th Cir.1987). Abstention only means that the federal court will not hear the proceeding. At least three courses of action are open to a federal court once it has decided to abstain. First, the court can retain jurisdiction, but abstain from a deciding the case while the parties obtained a state court determination on the state law issues. *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The other options after abstention are to dismiss the proceeding or to remand the case to state court. *Carnegie–Mellon University v. Cohill,* 484 U.S. ——, 108 S.Ct. 614, 98 L.Ed.2d 720, (1988).

In *Carnegie–Mellon,* the Supreme Court held that a federal court had inherent power to remand a properly removed state law claim even though not specifically authorized by statute. Justice White, dissenting in *Carnegie–Mellon,* stated that the statute, 28 U.S.C. sec. 1447(c), only allowed remand if the case was removed without jurisdiction, and that remand was not authorized if the case had been properly removed. This Court finds that the structure and relationship between sections 1334 and 1452 prevent the *Carnegie–Mellon* debate about a court's power to remand a removed, bankruptcy related proceeding. In

---

4. Other cases have held that a previously filed state court proceeding is not a pre-requisite to mandatory abstention. *State Bank of Lombard v. Chart House,* 46 B.R. 468 (N.D.Ill.1985); *In re Dakota Grain,* 41 B.R. 749 (Bankr. D.N.D.1984). *See also World Solar Corporation,* 81 B.R. 603

(Bankr. S.D.Cal.1988) (relying on *Chart House* and *Dakota Grain* and criticising those cases that hold that a prior proceeding is necessary). This issue is not before the Court under these facts.

doing so effect is given to "every clause and word of the statute."

A bankruptcy related proceeding may be properly removed if the district court has jurisdiction under section 1334(b). Such a proceeding must have been properly removed, and thus section 1447(c) would not apply. If the court does not have jurisdiction under section 1334(b), abstention under section 1334(c) cannot arise. Removal does not require action by the court, and abstention under section 1334(c) cannot be determined until after the court has jurisdiction. If a district court finds that it should abstain, it must then decide which of the three possible courses of action to take. Section 1452(b) gives specific statutory approval to the use of the inherent power to remand a proceeding as the Supreme Court only recently stated in *Carnegie–Mellon.*

A proceeding may be remanded under section 1452(b) for any equitable reason. Courts have ennumerated a list of the equitable considerations that are relevant to a decision to remand. *In re Baren,* 47 B.R. 39, 42–43 (Bankr.N.D.Ill.1984). To that list, this Court would add that remand may be appropriate when abstention is mandated by section 1334(c)(2). The *Baren* court has already recognized that the "exercise [of] discretionary abstention, provided for in section 1334(c)(1), would essentially consist of an examination of the same equitable considerations addressed by the Court by motions to remand." *Id.* at 44. This Court finds that abstention and remand of bankruptcy related cases go hand-in-hand, whether the court abstains under sections 1334(c)(1) or (c)(2). This Court finds that all provisions of sections 1334 and 1452 may be harmonized without limiting the plain language of either section. In light of the foregoing discussion, this Court now recants its prior decision and its reliance on *666 Associates.*

## IV.

Having decided that mandatory abstention may apply, the Court must decide whether it does apply to this proceeding. Section 1334(c)(2), in pertinent part, states:

"Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. sec. 1334(c)(2).

Each of the separate requirements will be discussed sequentially.

## A. Timely Motion

The Plaintiffs' Motion for Abstention and to Remand was filed on November 10, 1987. The Bank alleges this motion is not timely as this proceeding was originally removed in July 1987. While a motion to abstain may have to be filed with the initial pleading of a party,[5] the timeliness of the motion must be determined under the individual facts of each case. Both the Debtor and Cleo Chiodo joined in the Motion for Abstention. The Court's orders requiring the joinder of Cleo Chiodo as plaintiff and allowing a third-party complaint against Cleo Chiodo were not entered until October 9, 1987. The Motion for Abstention was filed one month after she was made a party to this proceeding; the Motion was the first pleading filed by Cleo Chiodo. Section 1334(c)(2) only requires a "timely motion of *a* party." The Court finds that under the facts of this proceeding, this motion is timely. While it is true that the motion was filed some four months after the proceeding was removed, that fact would call for a different result only if the Debtor was still the only plaintiff. Cleo Chiodo was added to this proceeding at the insistence of the Bank. The Bank cannot now be heard to complain that Cleo Chiodo has

---

5. *See* Congressional Record Statements (Bankr Amend of 1984) quoted in Norton Bankr. Code Pamphlet 1987–1988 Ed., Title 28 p. 26.

moved to abstain and remand this proceeding.

## B. State Law Issues

The complaint, answer and counterclaim, as each has been amended, assert only State law claims. The complaint asserts a cause of action under the Texas Deceptive Trade Practices—Consumer Protection Act. Tex.Bus. & Comm. Code Ann. sec. 17.41 *et seq.* (Vernon Supp.1988). The Bank's counterclaim is an action on a note and to foreclose on a lien. It is also based only on State law. As noted in the discussion *supra,* the Court does not find that this suit is properly categorized as a suit to allow or disallow a claim in the bankruptcy case. The Court finds that this requirement is met.

## C. Related But Not Core Proceeding

The next requirement is that the proceeding be "related to a case under title 11, but not arising under title 11 or arising in a case under title 11." In one sense, all proceedings whether "core" or only "otherwise related" to a bankruptcy case are related proceedings. *In re Cemetery Development Corp.,* 59 B.R. 115, 123 (Bankr. M.D.La.1986). The requirement of a "related" proceeding, but one that does not "arise under" or "arise in", means that section 1334(c)(2) applies to those cases that are "otherwise related" cases under 28 U.S.C. sec. 157(c)(1). *See generally Wood,* 825 F.2d at 97. The Court has made the finding that this is an "otherwise related" proceeding, *supra.*

## D. Lack of Independant Jurisdiction; Action Commenced

This proceeding could not have been commenced in a federal court but for the filing of bankruptcy. As noted above, those proceedings does not involve any federal question. There is no diversity of citizenship.[6] This action was removed from a State court, and the requirement that an action "is commenced" is also satisfied.

## E. Timely Adjudication

This requirement is the most difficult of the requirements for this proceeding to meet, and a brief side-track is required. Plaintiff, Cleo Chiodo, has made a jury demand. If this cause of action had remained in State court, she would be entitled to a jury as of right. *See generally Jim Walter Homes v. Castillo,* 616 S.W.2d 630 (Tex.Civ.App.—Corpus Christi 1981, no writ). As this proceeding is a "related proceeding", any decision rendered in the bankruptcy court is subject to *de novo* review in district court. 28 U.S.C. sec. 157(c)(1). There is much confusion as to whether a bankruptcy judge may hold a jury trial, and cases on both side of the issue may be found.[7] Under the facts as presented here, this Court agrees with *In re Smith–Douglass,* 43 B.R. 616 (Bankr.E. D.N.C.1984). That opinion states:

"There is no direct prohibition under the Bankruptcy Amendments and Federal Judgeship Act of 1984 against jury trials being conducted by the bankruptcy court, but the inability of bankruptcy judges to enter final judgments, absent consent of the parties, in noncore proceedings makes jury trials in such proceedings impractical. A party entitled to a jury trial should receive one, not an advisory jury trial in which proposed findings are submitted to the district court. 28 U.S.C. sec. 157(c)(1)." *Id.* at 618.

However, a jury trial is more than "impractical." The Fifth Circuit has held, when interpreting the Magistrate's Act, that jury trials which are subject to *de novo* review cannot be conducted because that review violates the seventh amendment prohibition on review of jury findings. *Ford v. Estelle,* 740 F.2d 374, 380 (5th Cir.1984). This Court concludes that jury trials may only be conducted by the bankruptcy judges in

---

**6.** Both plaintiffs are individuals who reside in Texas. The Bank is located in Texas; it is deemed a citizen of this State. 28 U.S.C. sec. 1348.

**7.** *See* Editors' Comment (1987) to Bankruptcy Rule 9015; Norton Bankr. L. & Prac. Rule Pamphlet (1987).

related proceedings when the parties agree to a final determination under 28 U.S.C. sec. 157(c)(2). The jury demand in this proceeding, where the parties have not consented to determination in the bankruptcy court, effectively ousts this Court of the power to hear this proceeding.

The only question is whether this case be heard in state court or in the district court. For this proceeding to go forward in the district court, the District Judge would have to withdraw the reference of this proceeding, pursuant to 28 U.S.C. sec. 157(d), for cause shown. No motion to withdraw the reference has been filed. Therefore, the only option remaining is for the District Court to abstain from hearing this proceeding so that it may go forward in the State court.

Although not addressed by these parties, the Court takes notice that other litigants before this Court have stipulated that a resolution of a jury case is more rapid in the local State court than in the federal district court, in this district at this time. This district is short one United States District Judge, and it has a large criminal docket. Mandatory abstention is supported by the fact that the state court can hear this case more rapidly than the U.S. District Court.

### V.

Having determined that mandatory abstention applies, the District Court must decide which of the possible dispositions it should order. The Bank, in its Second Amended Answer, has asserted that the Plaintiffs' causes of action are barred by the statute of limitations. Without deciding whether or not the Bank's assertion is correct, this Court believes dismissal would be inappropriate. A "remand generally will be preferable to dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case." *Carnegie–Mellon*, 484 U.S. at ——, 108 S.Ct. at 619, 98 L.Ed.2d at 731. The timeliness of the Plaintiffs' suit should be determined by the date of the original state court petition. A removed proceeding may be remanded on any equitable ground. 28 U.S.C. sec. 1452(b). Given the fact that this proceeding may be barred by limitation, it is equitable that the Debtor should be allowed to keep his original filing date, rather than give the defendant the benefit of the additional lapse of time.

### CONCLUSION

In conclusion, this Court recommends to the United States District Court that it find that abstention is mandatory under 28 U.S.C. sec. 1334(c)(2). This Court further recommends that this proceeding be remanded back to the 288th Judicial District, Bexar County, Texas, the court from which this proceeding was removed, for a trial on the merits.

This Court recommends that the District Judge make the following findings in support of the recommended action:

1. The district court has jurisdiction over this proceeding under 28 U.S.C. sec. 1334(b);

2. Although this proceeding was properly removed under 28 U.S.C. sec. 1452(a), 28 U.S.C. sec. 1334(c)(2) mandatory abstention may apply to this proceeding;

3. Abstention under 28 U.S.C. sec. 1334(c)(2) does apply to this proceeding; and

4. Remand under 28 U.S.C. sec. 1452(b) is appropriate.