**BATES & ROGERS CONSTRUCTION CORP., a Delaware corporation, Plaintiff,**

v.

**CONTINENTAL BANK, N.A., a National Banking Association, Defendant.**

**No. 89 C 565.**

United States District Court, N.D. Illinois, E.D.

March 10, 1989.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This case comes before the Court on plaintiff Bates & Rogers Construction Corp.'s ("Bates & Rogers") Motion to Abstain and Remand. For the following reasons, the motion is granted.

## DISCUSSION

On February 17, 1987, Bates & Rogers filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. On December 20, 1988, plaintiff filed a Complaint in the Circuit Court of Cook County, Illinois against defendant, Continental Bank ("Continental"), for breach of contract, breach of the duty of good faith and fair dealing, and tortious interference with contractual relations. Shortly thereafter, Continental filed its Notice of Removal with the Clerk of the Circuit Court of Cook County and the United States District Court for the Northern District of Illinois, seeking removal of the state court complaint to this Court.

The defendant claims that removal is proper under 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b). Section 1452 states:

(a) A party may remove any claim or cause of action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such government unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

Section 1334(b) provides:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have orig-

inal but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

█ We agree that this Court has jurisdiction over the state court claims because they are related to Bates & Rogers Title 11 case within the meaining of § 1334(b). *See Cooper v. Coronet Insurance Co. (In re Boughton)* 49 B.R. 312, 314 (Bankr.N.D.Ill. 1985). However, our inquiry does not end here. This Court must now determine whether the plaintiff's state court claims can properly remain here under § 1334(c)(2) which provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

█ The defendant argues that § 1334(c)(2) does not apply to removed actions under 28 U.S.C. § 1452 but only to cases originally filed in bankruptcy court because § 1452(b) does not contain a cross reference to § 1334 as does § 1452(a). We do not agree. As the court, in the matter of *In Re Chiodo,* 88 B.R. 780 (W.D.Tex., 1988), aptly stated:

This reasoning reads subsection (c)(2) out of section 1334. The plain meaning of the jurisdictional reference in section 1452(a) is that section 1334 applies in its entirety. The cross-reference does not state that actions may be removed if the district court has jurisdiction under sec-

tion 1334(b) but that is the effect of [such] reasoning. Under section 1334, Congress grants jurisdiction over bankruptcy matters to the district courts, but Congress had also specifically directed district courts to abstain in certain instances provided for in section 1334(c)(2). Mandatory abstention is an integral limitation to the grant of jurisdiction; courts are not allowed to pick and choose which subsections of a statute they wish to apply when Congress has directed that an entire section shall apply in a given situation. The lack of a cross-reference in section 1452(b) is not important because section 1334(c)(2) is incorporated by section 1452(a) along with the rest of section 1334. (citations omitted)

*Id.* at 784. Accordingly, we reject defendant's argument on this point.

In concluding that § 1334(c)(2) does apply to removed actions, we must now determine whether the section mandates abstention under the facts before us. Abstention is mandatory when the following requirements have been met: 1) the case is based upon a state law claims or cause of action which although related to a Title 11 case, did not arise under Title 11 or out of a Title 11 case; 2) the case could not have been commenced in federal court absent the fact of a bankruptcy petition; 3) an action is commenced in a State forum; and 4) the case could be timely adjudicated in state court.

Here, Bates & Rogers' Complaint is based upon a state law claim that is related to the bankruptcy case but does not arise under the bankruptcy code or out of a bankruptcy case. Moreover, the case could not have been commenced in federal court absent the fact of a pending bankruptcy. Therefore, the first two requirements of § 1334(c)(2) are met.

█ The defendant argues, however, that the third requirement is not fulfilled because the state court proceeding was commenced after Bates & Rogers filed their Chapter 11 petition in bankruptcy court. The defendant maintains that Section 1334(c)(2) makes sense only when the phrase "is commenced" is interpreted to

mean that the state court proceeding was commenced prior to a Chapter 11 filing in bankruptcy. In support of this proposition, Continental relies on the reasoning of the bankruptcy court in *In re Jackson Consolidated Industries, Inc.*, 18 C.B.C.2d 431, 435 (Bankr.N.D.Ill.1988), which held:

> In the normal instance, if a state court proceeding has not been commenced prior to bankruptcy, a creditor would be prevented from beginning one because of the automatic stay. In that situation, Section 1334(c)(2) makes sense in that if a state court proceeding was commenced prior to filing, it would be an inefficient use of the judicial system to start the case all over again in the bankruptcy court. If, however, a state court case has not been commenced, the bankruptcy court is in a position to monitor the entire proceeding without fear of costly duplication of efforts.

Although this reasoning is persuasive, we do not believe that judicial economy should dictate the Court's interpretation of statutory language. The language itself clearly does not call for such a restriction. It merely requires that an action be commenced in a state court with appropriate jurisdiction. If Congress had wanted to implement this restriction, it could have easily chosen the words to do so. Aside from the Court's interest in avoiding duplication of proceedings and efforts, no reason exists in the eyes of this Court to interpret this section to require a state court proceeding to be commenced prior to filing in bankruptcy, and we will not do so. Accordingly, we find that the third requirement is met.

■ Finally, the defendant argues that the plaintiff has not met its burden of proving that the action can be timely adjudicated in state court. In examining this issue, the Court may consider: (a) the backlog of the state court's calendar, (b) the status of the bankrutpcy proceeding, (c) the complexity of the issues, and (d) whether the state court proceeding would prolong the administration or liquidation of the estate.

We do not agree with Continental that Bates & Rogers has not met its burden. First, overcrowded dockets are characteristic of many jurisdictions and not easily avoided. While it is true that the Circuit Court of Cook County has a very crowded trial calendar, it is well known that the Circuit Court is consistently trying to reduce the congestion in the courts and experimenting with various methods of bringing cases to trial more quickly. Although the defendant argues that it takes 5–9 years for a case to come to trial in the Circuit Court of Cook County, we believe that cases are heard with considerably more efficiency than suggested by Continental.

Furthermore, Bates & Rogers is involved in a liquidating Chapter 11 which involves no reorganization. Consequently, no adminstrative urgency or plan of reorganization exists to facilitate. *See In Re World Solar Corp.*, 81 B.R. 603 (Bkrtcy.S.D.Cal. 1988). In light of this fact, we do not believe that a potential delay in state court will significantly affect the administration or liquidation of the estate. Based on these considerations, this Court finds that Bates & Rogers has shown that the cause can be timely adjudicated in state court.

Bates & Rogers Motion to Remand also seeks an award of costs. An award of costs is discretionary with the court and is usually appropriate only when the nonremovability of the action is obvious. While Continental's position was unavailing, it cannot be said that the nonremovability of the action was obvious. Accordingly, plaintiff's request for costs is denied.

Since all the requirements of 1334(c)(2) have been met, this Court holds that abstention is mandatory. Accordingly, Bates & Rogers' Motion to Abstain and Remand is granted.