**BAXTER HEALTHCARE CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**HEMEX LIQUIDATION TRUST, a Louisiana liquidating trust, as successor to Cicatrix, Inc., f/k/a Hemex Scientific, Inc., a dissolved Louisiana Corporation; Russell C. Chambers, Individually and as Co–Trustee of the Hemex Liquidation Trust; Jerome Klawittner; Julius Tabin; and Edwin Hunter, Individually and as Co–Trustee of the Hemex Liquidation Trust, Defendants.**

No. 91 C 2814.

United States District Court,
N.D.Illinois, E.D.

Oct. 23, 1991.

Marla Susan Persky, Baxter Travenol Laboratories, Inc., Deerfield, Ill. and Prentice Henry Marshall Jr., Sidley & Austin, Chicago, Ill., for plaintiff.

William H. Theis, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

The court visits this case for the second time, and remarkably, the case is in somewhat the same procedural posture as it was before. For all the parties' litigatory machinations, the court detects no progress in bringing this lawsuit to a just disposition. This action was brought by plaintiff, Baxter Healthcare Corporation ("Baxter"), a Delaware corporation, with its principal place of business in Illinois. The defendants are Hemex Liquidation Trust ("Hemex"), a Louisiana trust, Russell C. Chambers and Edwin Hunter, individually and as co-trustees of Hemex, and Jerome Klawittner and Julius Tabin ("Tabin"), all of whom are citizens of states other than Illinois except Tabin, who is an Illinois citizen. Hemex is a trust created to wind up and liquidate Cicatrix, Inc. ("Cicatrix"), formerly a Louisiana corporation. Cicatrix was originally named Hemex Scientific, Inc.

This case was brought originally in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois ("Lake County court"). Defendants have undertaken to remove this action to the District Court for the Northern District of Illinois once before, claiming diversity jurisdiction and the fact that Tabin was allegedly joined fraudulently. The court remanded the case to the Lake County court in an order dated March 6, 1991. *See Baxter Healthcare Corp. v. Hemex Liquidation Trust, et al.*, No. 90 C 7194, 1991 WL 223761 (March 6, 1991). Defendants[1] have again removed this action pursuant to 28 U.S.C. §§ 1334,[2]

1. Inexplicably, the memorandum of law filed in opposition to Baxter's motion to remand or abstain is filed only on behalf of the individually named defendants, not Hemex. The defendants' position is, apparently, that Hemex did not participate in removing Baxter's state court action to the federal court, only the individual defendants removed this action. The defendants' position is inconsistent with their previous filings. Hemex is listed as party giving notice of removal. In fact, the caption of the pleading is "NOTICE OF REMOVAL OF HEMEX LIQUIDATION TRUST." Therefore, when the court refers to "the defendants" in this opinion, we include Hemex in this reference. Generally, the court will use "Hemex" as a short form for all the defendants.

2. 28 U.S.C. § 1334 is not a removal statute but instead invests the district courts with original and in some cases exclusive jurisdiction of cases under title 11, the bankruptcy code.

1441, 1452(a). As a basis for the removal, Hemex states it has filed a voluntary bankruptcy proceeding under Chapter 11 in the United States Bankruptcy Court for the Western District of Louisiana. Hemex argues that the case currently removed to this court is a case "related to a case under title 11 [the Louisiana bankruptcy action]" and thus this court has jurisdiction under 28 U.S.C. § 1334. After filing the notice of removal, defendants filed a motion to transfer the venue of this action to the Western District of Louisiana pursuant to 28 U.S.C. § 1412.[3] Baxter has filed briefs in opposition to the defendants' motion. Baxter has also filed a motion asking this court to abstain from hearing this case and to remand it to the Lake County court. For the following reasons, the court remands this action to the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois. The discussion below necessarily moots the defendants' motion to transfer the venue of this action.

## I. FACTS

As in our first order, a detailed recitation of facts is unnecessary to decide the motions currently before the court. In Baxter's original state court suit, Baxter seeks a declaratory judgment that it is entitled to the assets in a General Liability Fund and a Product Liability Fund ("Funds"), created by the Asset Purchase Agreement ("Agreement") between Baxter's predecessor corporation, American Hospital Supply Corporation (hereinafter referred to as Baxter) and Hemex Scientific Corporation. The purchase of Hemex Scientific Corporation by Baxter was memorialized in the Agreement. The parties to that Agreement were Baxter, Hemex Scientific Corporation and the four named individual defendants. In the Agreement, defendants made certain warranties to Baxter. One of the warranties made was that ninety-seven percent of the Duromedics prosthetic heart valves developed by Hemex would be of a quality which would be usable or salable at a normal price within two years. Plaintiff

states that an important consideration for the purchase of Hemex was the assignment Federal Drug Administration ("FDA") approval of the Duromedics heart valve, the existing inventory of the valves and the patent rights for the valves. Subsequent to the purchase of Hemex by Baxter, some of the Duromedics valves malfunctioned. Baxter contends that the valves that malfunctioned were manufactured prior to the closing of the sale of Hemex to Baxter. After consultations with the FDA, Baxter suspended further distribution of the valves and issued a worldwide recall of all unimplanted Duromedics valves. Baxter claims that it is entitled to the $4,400,000 in the Funds to partially reimburse it for its $10,000,000 loss and to a money judgment for breach of warranty against the defendants for the difference between the amount in the Funds and its loss.

## II. DISCUSSION

Before this court can properly act upon the defendants' motion to transfer venue, we must examine whether this case is properly removed to the federal district court. If the case is not properly removed, the court lacks jurisdiction to transfer venue. Defendants state as a basis for removal the following statutory sections: 28 U.S.C. §§ 1334, 1441, 1452(a). We examine first section 1452(a) which specifies when a claim related to a bankruptcy case may be removed.

### A. Removal under 28 U.S.C. § 1452(a).

Section 1452(a) of title 28 states: "A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Thus, before a district court may accept the removed action, it must determine whether it has jurisdiction under section 28 U.S.C. § 1334. Section 1334 states:

---

**3.** 28 U.S.C. § 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in

the interest of justice or for the convenience of the parties."

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interests of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Subsection (a) of section 1334 gives the district court original and exclusive jurisdiction over cases under title 11. Title 11 codifies the law of bankruptcy. *See* 11 U.S.C. § 101 et seq. Baxter's suit is based in state law and asks for declaratory relief based upon an alleged breach of warranty and indemnification agreement. Clearly, such a suit is not a case under the bankruptcy laws. *See* 1 COLLIER'S ON BANKRUPTCY ¶ 3.01, at 3–20 to 3–21 (Lawrence P. King ed., 15th ed. 1991). Subsection (b) of section 1334 gives the district court original but non-exclusive jurisdiction of civil cases arising in or related to a bankruptcy case. Accordingly, the court must determine if Baxter's suit arises in or is related to Hemex's Louisiana bankruptcy action.

At the outset, we note that Hemex's bankruptcy petition in the Western District of Louisiana has been dismissed. *See In re Hemex Liquidation Trust,* 129 B.R. 91 (Bankr.W.D.La.1991). Hemex has appealed the decision of the bankruptcy court to the appropriate district court. Had Hemex not appealed the bankruptcy court's determination, our discussion would be short. The case currently removed would not be a related case under 28 U.S.C. § 1334(b) because there would be no corresponding bankruptcy case. Nevertheless, we need not wait for the outcome of Hemex's appeal. While the court agrees with Hemex's contention that Baxter's civil suit is related to Hemex's bankruptcy petition, the court finds it must abstain from considering the civil suit and must remand the suit to the Lake County court. However Hemex's appeal turns out, therefore, Baxter's civil suit will not remain before this court.

Courts generally have adopted an expansive view of the concept of "relatedness," such that "related to" jurisdiction is broadly interpreted. *See* 1 COLLIER'S ON BANKRUPTCY ¶ 3.01, at 3–20 (Lawrence P. King ed., 15th ed. 1991). The usual rule when "determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy....* An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in anyway impacts upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (emphasis original) (citations omitted). The Seventh Circuit Court of Appeals has held that a " 'dispute is related to the bankruptcy when it affects the amount of property available for distribution or the allocation of property among creditors.' " *Pettibone v. Easley,* 935 F.2d 120, 122–23 (7th Cir. 1991) (quoting *In re Xonics,* 813 F.2d 127, 131 (7th Cir.1987)); *see also Hernandez v. Brakegate, Ltd.,* 942 F.2d 1223 (7th Cir. 1991) (removed asbestos case unrelated to Manville bankruptcy remanded to state court).

Assuming *arguendo* that Hemex is allowed to reinstate its bankruptcy action,

Baxter's suit against Hemex may well affect the pool available to Hemex's creditors. There are a few cases holding that breach of warranty claims are related to a bankruptcy action. *See, e.g., Mohawk Ind., Inc. v. Robinson Ind.*, 46 B.R. 464 (D.Mass. 1985) (breach of warranty claim can be thought of as a proceeding affecting the liquidation of the assets of the bankruptcy estate); *see also* 1 COLLIER'S ON BANKRUPTCY ¶ 3.01, at 3–27 to 3–28 (Lawrence P. King ed., 15th ed. 1991) (collecting cases). Baxter argues, and not unpersuasively, that Hemex has no funds, and its suit cannot have an effect on the bankruptcy estate. *See In re Chargit, Inc.*, 81 B.R. 243, 247 (Bankr.S.D.N.Y.1987). In *In re Chargit*, it was inconceivable that the third-party debtor's suit could affect the bankruptcy estate because the estate was devoid of funds. Here, in Baxter's case, we cannot say definitively that Hemex is without funds when the precise issue Baxter is litigating is Baxter's right to the more than four million dollars in the General and Product Liability Funds. If these funds belonged indisputedly to Baxter, and conversely, Hemex had absolutely no claim to them, then the present suit would never have been filed. Therefore, we must accept, at least for the purposes of remanding this case, that Baxter's state court suit is related to Hemex's bankruptcy action.

Having found that Baxter's state court case is related to Hemex's bankruptcy action, this court has original but not exclusive jurisdiction of the removed action pursuant to 28 U.S.C. § 1334(b).[4] Our jurisdiction having been established, it does not necessarily follow that this is the proper court to hear this action. The court can avail itself of a number of options. First, the court can choose to remand this case to the Lake County court under 28 U.S.C. § 1452(b). Second, this court can abstain from hearing this case under 28 U.S.C. § 1334(c)(1) or (c)(2). Last, this court can retain jurisdiction of this case and consider Hemex's motion to transfer the venue of

this case to Louisiana. For the reasons discussed *infra* the court chooses to remand this case to the Lake County court.

**B. Remand under 28 U.S.C. § 1452(b).**

Initially, the court notes that the decision whether to remand or abstain in this action produces the same result. In both instances, the case will be returned to the Lake County court where it will continue its progress. *See Lone Star Ind., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269, 272 (D.Del. 1991) (if granted, the remand would have the same effect as abstention). Even if the court concluded that abstention was not warranted, the court would still have to consider Baxter's motion to remand. Accordingly, the court will consider first Baxter's motion to remand.

Hemex contends initially that since it has filed for bankruptcy, there is an automatic stay pursuant to section 362 of the Bankruptcy Code (11 U.S.C. § 362),[5] and therefore, this court is barred from remanding this case to the state court. The court rejects Hemex's contention. First, Hemex cites no authority for its contention. Second, Hemex's reliance on the automatic stay apparently did not prevent Hemex from removing Baxter's state court action to this court. Last, Hemex's contention runs counter to the plain meaning of 28 U.S.C. §§ 1334, 1452 which provide for the abstention from or remand of state court actions related to title 11 proceedings. *Cf. In re Kelton Motors, Inc.*, 121 B.R. 166, 174 (Bankr.D.Vt.1990) (automatic stay does not apply to non-bankruptcy defendants). This action not being stayed by section 362, the court turns to the question of remand.

Section 1452(b) of title 28 states: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." There are several factors to consider when determining whether, in equity, a remand is necessary. The court must consider whether: (1) there is duplication of judicial resources or uneconomical use of

---

**4.** Since the court determines it has jurisdiction and this case was properly removed pursuant to 28 U.S.C. §§ 1334, 1452(a), we need not consider section 1441.

**5.** Hemex does not identify which section of the Code supports its contention of an automatic stay. The court assumes Hemex refers to section 362.

judicial resources; (2) the remand will adversely affect the administration of the bankruptcy estate; (3) the case involves questions of state law better addressed by a state court; (4) there are comity considerations; (5) there is prejudice to unremoved parties; [6] (6) the remand lessens the possibility of inconsistent results; and (7) the court where the action originated has greater expertise. *Allen County Bank & Trust v. Valmatic Int'l Corp.*, 51 B.R. 578, 582 (N.D.Ind.1985) (citing *Barren v. Devon Bank*, 47 B.R. 39, 42–43 (Bankr.N.D.Ill.), *aff'd and adopted* 48 B.R. 752 (N.D.Ill. 1984)); *see also Lone Star Ind., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269, 272 (D.Del. 1991) (listing similar factors).

■ The first factor supports remands. This case has now sojourned at two courts with the defendants lobbying for transfer to a third. The Circuit Court in Lake County, Illinois has a less crowded docket than the federal district court for the Northern District of Illinois. The parties have a much higher chance for an expedited trial in the state court, perhaps as the plaintiff points out, in less than six months. *See* Plaintiff's Memorandum of Law in Support of Motion to Abstain and Remand, at 10 n. 8. The court finds that the first factor supports remand. *Cf. In re Alton Tel. Printing Co., Inc.*, 15 B.R. 367 (Bankr. N.D.Ill.1981) (removal of six state court actions to bankruptcy court required remand due to delay in litigation).

Skipping the second factor for the moment, the third and fourth factors also support remanding this case to the state court. The Lake County court is the proper court to hear this action. Baxter's suit is not based in federal law; rather, it is tangentially related to a bankruptcy action. Baxter's suit contains state law claims only. Paragraph 13.4 of the Asset Purchase Agreement, which is the basis for Baxter's current claim, states that the Agreement should be construed and governed by the laws of Illinois. While this court is wholly familiar with the law of Illinois, the Lake County court has the expertise and is better suited to resolve this matter. Remanding this case also further

thers any comity considerations due the Lake County court.

Factors six and seven also favor a remand to the state court. A remand to the state court will insure that the result in this case is consistent with similar contract and warranty actions filed in the Illinois courts. This result is bolstered by the obvious expertise the Illinois courts have in adjudicating claims based on Illinois law. As the district court stated in *Allen County Bank & Trust:* "There are no reasons evident to this court why this state law action, the resolution of which involves no issues of bankruptcy law, is not better adjudicated in the more appropriate forum: the state court in which it was initially filed." *Allen County Bank & Trust,* 51 B.R. at 582–83.

The court considers factor two as neutral; the effect of remand on the administration of bankrupt estate will not necessarily be adverse. The court believes, ultimately, there might not be a bankrupt estate following the appeal by Hemex. Even if Hemex's bankruptcy petition survives the appeal, the administration of the bankrupt estate will not be unduly affected. In fact, the administration of the bankrupt estate may be benefited by a swift resolution of Baxter's suit in the state court. The court believes that whatever the prejudice, if any, which results to the bankrupt estate from contending with a lawsuit in the Illinois courts, it will be short lived.

Based upon the forgoing analysis of the factors controlling remand, the court concludes that remand is overwhelmingly appropriate.

## C. Abstention under 28 U.S.C. § 1334.

Even if the court concluded that remand under section 1452(b) was not the correct disposition of this case, this court concludes that abstention would also be required in this case. Section 1334 of title 28 provides for two types of abstention. Subsection (c)(1) *allows* the district court to abstain from a case related to title 11 "if it is in the interests of justice, or in the interest of

---

**6.** Since there are no other parties involuntarily removed besides Baxter, this factor will not be considered.

comity with State courts or respect for State law...." The analysis of a subsection (c)(1) abstention is almost identical to the analysis conducted for a remand. *See supra Section B.* We have already determined that a remand would be in the best interests of comity with the state courts and that obviously the Lake County court has the expertise to adjudicate contract and warranty claims based upon Illinois law. Therefore, we conclude that subsection (c)(1) would allow this court to abstain from hearing this case.

Subsection (c)(2) *mandates* abstention from a case related to title 11, upon the timely motion of a party, (1) when the only basis of jurisdiction is subsections (a) or (b) of section 1334, (2) the action is based upon a state law claim not arising under title 11, and (3) the action can be timely adjudicated in the state court. *See Bates & Rogers Constr. Corp. v. Continental Bank, N.A.,* 97 B.R. 905, 907 (N.D.Ill.1989).[7] As we have noted above, the only basis for this court's jurisdiction in this matter is 28 U.S.C. § 1334(b). There is no other basis of federal jurisdiction. The court expressly rejected diversity jurisdiction in our earlier opinion. We have already noted that this action is entirely based upon state law claims, which are related to Hemex's bankruptcy action, but do not arise out of that action. Finally, we noted above that this action has had extensive discovery in the state courts and will likely be ready for trial much faster in the Lake County courts. Were this action to remain in this court, it is likely the parties would require additional discovery, the court would require time to become familiar with the facts of the case, and time would have to be allotted for the preparation of a pre-trial order. Given the court's crowded civil and criminal docket, it is unlikely a trial in the moderately near future could be expected. Therefore, the court concludes that under subsection (c)(2) abstention would be required.

The court has conducted an exhaustive analysis of the proper disposition of this case. Every possibility considered by the court points to remanding this case to the Circuit Court in Lake County, Illinois. As the court has concluded this is the proper course, the defendants' motion to transfer the venue of this case is moot.

### III.  CONCLUSION

The plaintiff's motion to abstain and to remand this case to the Circuit Court of Lake County, Illinois is granted. The defendants' motion to transfer venue of this action is denied as moot. This action is hereby REMANDED to the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois.

---

**7.** Hemex contends that subsection (c)(2) does not apply to removed actions. This contention is contrary to established precedent. *See Bates & Rogers,* 97 B.R. at 907; *State Bank of Lombard v. Chart House,* 46 B.R. 468, 472 (N.D.Ill. 1985). We decline Hemex's invitation to break with this line of cases.