**Richard A. RHEINSTROM, Plaintiff,**

v.

**ACTION AMERICA, INC., an Illinois corporation, Defendant.**

**No. 96 C 8485.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 1, 1997.

James G. Uzzell, Law Office of James G. Uzzell, Chicago, IL, for Richard Rheinstrom.

Mary Gretchen Silver, Rudnick & Wolfe, Chicago, IL, for Philip V. Martino.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Richard Rheinstrom, sued the defendant, Action America, Inc. ("Action"), for breach of contract in Cook County Circuit Court. Mr. Rheinstrom obtained a default judgment against Action in the amount of $128,959.81 plus costs. This amount represented sums which Mr. Rheinstrom had loaned to Action and its sole shareholder, Germaine Begun. In an effort to enforce this judgment, Mr. Rheinstrom issued a citation to discover assets to Action's accountant. Mr. Rheinstrom alleges that these records reveal some questionable transfers of assets from Action to Ms. Begun and other third parties. Based on these records, Mr. Rheinstrom issued a citation to discover assets on Ms. Begun. Ms. Begun removed that action to this Court, and now Mr. Rheinstrom seeks to remand the case back to state court.

Mr. Rheinstrom argues that this case is entirely based on state law and presents no issues involving federal law. Ms. Begun disputes this argument and claims that the citation to discover assets is closely related to her prior bankruptcy proceedings. Ms. Begun was Action's sole shareholder until her initial Chapter 11 bankruptcy was converted to a Chapter 7 proceeding on August 31, 1992. She subsequently received a discharge of all her debts on January 12, 1993. By operation of the bankruptcy law, that discharge created a permanent injunction against any suits to "collect recover or offset any such debt as a personal liability of the debtor...." 11 U.S.C. § 524(a)(2). Hence, Ms. Begun contends that Mr. Rheinstrom's citation as well as the underlying action are nothing more than an indirect attempt to collect on previously discharged debts. Therefore, Ms. Begun claims that this case would constitute a core proceeding within the bankruptcy court's jurisdiction. I disagree with Ms. Begun's characterization of this case.

Although a discharge of debts does give rise to a permanent injunction against future suits to recover personally from the debtor, it does not bar suits against other entities who might be liable for that same debt. 11 U.S.C. § 524(e). Mr. Rheinstrom's action seeks to recover sums from a third party, Action, which did not receive a bankruptcy discharge. By pursuing a citation to discover assets on Ms. Begun, Mr. Rheinstrom is seeking information to enforce his liability judgment against another entity. He is not attempting to recover any money or property from Ms. Begun or her estate. In these circumstances, the permanent injunction issued under Section 524 cannot be used as a shield to prevent a creditor's efforts to recover on a debt from a third party. *See In re Shondel,* 950 F.2d 1301, 1306–07 (7th Cir.1991).

Ms. Begun admits that neither the underlying state court action nor the citation to discover assets issued on Action's accountant would be removable to this Court. Response to Motion to Dismiss ¶ 13. She asserts, however, without citing any authority that the citation to discover her assets is a core proceeding. As explained above, Mr. Rheinstrom's citation to discover assets does not involve a "substantive right created by the federal bankruptcy law and is [a case] that could exist outside of bankruptcy." *Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir.1990). Therefore, it is not a core proceeding. At best, this action might be a "related to" or "non-core" proceeding. A case is "related to" a bankruptcy case " 'when the dispute "affects the amount of property for distribution [i.e. the debtor's estate] or the allocation of property among creditors." ' " *In re Fed-Pak Sys., Inc.,* 80 F.3d 207, 213–14 (7th Cir.1996) (citations omitted). The Seventh Circuit has cautioned that the "related to" jurisdiction of the bankruptcy court should be construed narrowly. *Id.* at 214. Mr. Rheinstrom's action has at most a tenuous link to Ms. Begun's estate in that she might be forced, through a suit brought by Action, to reconvey any assets which might have been fraudulently conveyed to her. Under this scenario, too many conditions would have to occur before the debtor's estate would be affected. Therefore, Ms. Begun's removal petition lacks a basis for federal jurisdiction.

Furthermore, even if I were to find that this case is related to a Title 11 bankruptcy proceeding, I still would remand the case on grounds of abstention. Under 28 U.S.C. § 1334(c)(2), a court must abstain from hearing a case related to Title 11 "(1) when the only basis of jurisdiction is subsections (a) or (b) of section 1334, (2) the action is based upon a state law claim not arising under Title 11, and (3) the action can be timely adjudicated in the state court." *Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 B.R. 863, 869 (N.D.Ill.1991). Mr. Rheinstrom's case satisfies all of these conditions. As noted above, the only possible basis for federal jurisdiction is under Section 1334(b) for cases related to bankruptcy proceedings. Furthermore, the underlying suit is a breach of contract action for which a state court already has entered a default judgment. Finally, because Mr. Rheinstrom's citation to discover assets is part of the process of enforcing a previously decided state court case, I find that the continuation of that case in state court would lead to its timely adjudication. *Id.* Accordingly, this case is remanded to the Circuit Court of Cook County.