**In re SOUTHERN TECHNICAL COLLEGE, INC.**

Garland BRIGHT, Tammy Owens, Steve Kroll, Donna Pounds, Lisa Stone, Juanita Harris, Donald Carver, Vanessa Adams and Loretta Williams, Plaintiffs,

v.

**SOUTHERN TECHNICAL COLLEGE, INC., Defendant.**

Bankruptcy No. 92–41095 S.
Adv. No. 92–4082.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Aug. 21, 1992.

W. Kelvin Wyrick, Texarkana, Ark., for plaintiffs.

Charles R. Camp, Little Rock, Ark., for debtor defendant.

## ORDER REMANDING ADVERSARY PROCEEDING

MARY D. SCOTT, Bankruptcy Judge.

This Cause came before the Court upon the Motion to Remand filed by the plaintiffs on August 4, 1992. *Bright v. Southern Technical College, Inc.*, Case No. CIV–91–165–3 was removed from the Circuit Court of Miller County by the debtor on June 2, 1992.

 The plaintiffs first assert that the notice of removal was untimely filed. Removal procedure is governed by Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1452(a). Rule 9027 provides in pertinent part:

(a)(2) *Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code.* If a claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed.R.Bankr.Proc. 9027(a)(2). The chapter 11 bankruptcy proceeding was filed on April 28, 1992. The notice of removal was filed on June 2, 1992. Accordingly, the

removal, notice of which was filed prior to 90 days after the order for relief, is timely.[1]

■ Nothing in section 1334 prevents a court "in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). "The court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. 1452(b). There are numerous factors which courts may consider in determining whether to remand a case on equitable grounds. The court must consider whether:

(1) there is duplication of judicial resources or uneconomical use of judicial resources; (2) the remand will adversely affect the administration of the bankruptcy estate; (3) the case involves questions of state law better addressed by a state court; (4) there are comity considerations; (5) there is prejudice to unremoved parties; (6) the remand lessens the possibility of inconsistent results; and (7) the court where the action originated has greater expertise.

*Baxter Healthcare Corporation v. Hemex Liquidation Trust,* 132 B.R. 863, 867–68 (N.D.Ill.1991). Additional factors include:

(1) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(2) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(3) the substance rather than the form of the asserted 'core' proceeding;

(4) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; the burden of the bankruptcy court's docket;

(5) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; and

(6) the presence of nondebtor parties.

*Citicorp Savings of Illinois v. Chapman,* 132 B.R. 153, 157–58 (Bankr.N.D.Ill.1991).

Upon application of these factors to the instant case, remand on equitable grounds is clearly merited. Nine non-debtor parties have filed a complaint composed of purely state claims for which no jurisdiction in this Court, other than that granted by 28 U.S.C. § 1334, exists. The action removed to this Court pleads state-law claims based upon breach of warranty, fraud, and breach of contract, none of which "arising under" or "arise in" the bankruptcy case.

Remand would have little, if any, effect upon the administration of the bankruptcy case. Given the burdens of this Court's docket, there is no reason to believe that, given timely relief from stay, the state court action would not proceed to trial as expeditiously as in this Court. Inasmuch as this matter in non-core, the requirements of 28 U.S.C. § 157 further lengthen the proceeding because this Court would make proposed findings to the district court which then considers objections. Such a procedure interferes with the dockets of two courts. Further, plaintiffs have made demand for jury, again invoking complex procedures inasmuch as this Court cannot conduct jury trials. A right to jury trial is another factor which militates in favor of remand to the state court or abstention in deference to the state court. *See In re Tucson Estates,* 912 F.2d 1162 (9th Cir.1990). Thus, the claims, purely state law matters, are better addressed by the state court. Comity and the interests of consistency in the application of state law also militate in favor of remand. The equitable grounds being overwhelmingly in favor of remand, it is

---

1. In any event, the case cannot be remanded on the basis of a defect in removal procedure where the motion for remand is untimely. 28 U.S.C. § 1447(c). Had a timely motion been made, this Court would have been required to abstain from the case under 28 U.S.C.

§ 1334(c)(2). However, the mandatory provisions of section 1334(c)(2) requires that a motion to abstain be timely filed before that subsection is applicable. *See Dunkirk Limited Partnership v. TJX Companies, Inc.,* 139 B.R. 643, 645 (N.D.Ohio 1992).

ORDERED that this adversary proceeding is REMANDED to the Circuit Court of Miller County.

IT IS SO ORDERED.