**In re BLACK & WHITE CAB COMPANY, INC.**

**ARKANSAS DEPARTMENT OF HUMAN SERVICES DIVISION OF MEDICAL SERVICES, Plaintiff,**

v.

**BLACK & WHITE CAB COMPANY, INC., Defendant.**

Bankruptcy No. 96–41778 S.
Adv. No. 96–4086.

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Nov. 13, 1996.

---

Richard B. Dahlgren, Little Rock, AR, for Plaintiff.

Allen W. Bird, II, Little Rock, AR, for Defendant.

## ORDER OF REMAND

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a *sua sponte* review of the file. This adversary proceeding was filed on May 10, 1996, by the filing of a Notice of Removal.[1] The Complaint, originally filed in the Circuit Court of Pulaski County, essentially seeks to reduce an administrative fine to judgment. The Answer seeks to contest the agency's administrative decision, the process by which that determination was reached, and raises the affirmative, state-law claims of set-off and contribution. In addition, the debtor asserts that the agency's action constituted a taking without just compensation under the Fifth Amendment to the U.S. Constitution and that the state administrative procedures deprived the defendant of a right to due process. The issues raised in the complaint not only solely require application of state law, it sets forth a unique cause of action. It thus appears that prior to the time any constitutional issues may be decided, unique issues of state law must be determined.

■ Upon the filing of a notice of removal, the Court is required to review the notice and determine whether jurisdiction is proper. *Strange v. Arkansas–Oklahoma Gas Corp.*, 534 F.Supp. 138, 139 (W.D.Ark. 1981). If the matter does not properly rest with the Court, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The Court may, upon its own motion, remand the matter to the state court. *See id.; Smith v. City of Picayune*, 795 F.2d 482 (5th Cir. 1986).

■ There are numerous factors which courts may consider in determining whether to remand a case on equitable grounds. *See*

---

1. Although this is a noncore proceeding, both parties consent to entry of final judgment by this Court.

*generally Baxter Healthcare Corporation v. Hemex Liquidation Trust,* 132 B.R. 863, 867–68 (N.D.Ill.1991); *Citicorp Savings of Illinois v. Chapman,* 132 B.R. 153, 157–58 (Bankr.N.D.Ill.1991). The court must consider whether:

(1) there is duplication of judicial resources or uneconomical use of judicial resources; (2) the remand will adversely affect the administration of the bankruptcy estate; (3) the case involves questions of state law better addressed by a state court; (4) there are comity considerations; (5) there is prejudice to unremoved parties; (6) the remand lessens the possibility of inconsistent results; and (7) the court where the action originated has greater expertise.

*Baxter Healthcare Corporation v. Hemex Liquidation Trust,* 132 B.R. 863, 867–68 (N.D.Ill.1991). Additional factors include:

(1) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(2) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(3) the substance rather than the form of the asserted 'core' proceeding;

(4) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; the burden of the bankruptcy court's docket;

(5) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; and

(6) the presence of nondebtor parties.

*Citicorp Savings of Illinois v. Chapman,* 132 B.R. 153, 157–58 (Bankr.N.D.Ill.1991).

Upon application of the factors to the instant case, remand on equitable grounds is merited. The action removed to this Court pleads primarily state-law claims based upon state administrative law which do not "arise under" or "arise in" the bankruptcy case. Although the last-listed affirmative defenses raise issues of U.S. Constitutional law, numerous, decisive, and unique issues of state law must be determined before those issues can be reached by any court. These purely state law matters, are better addressed by the state court.

Remand would have little, if any, effect upon the administration of the bankruptcy case. Indeed, it is possible that a plan could be proposed, confirmed and the case closed during the pendency of this separate litigation. However, if the separate proceeding is retained by this Court, the time the bankruptcy case remains pending may be lengthened. In addition to the burden on the Court's docket, this is a detriment to the debtor because U.S. Trustee's fees accrue against the debtor during the pendency of the case. Given the burdens of this Court's docket, there is no reason to believe that the state court action would not proceed to trial as expeditiously as in this Court. Comity and the interests of consistency in the application of state law also militate in favor of remand. Accordingly, it is

**ORDERED:** that this cause is REMANDED to the state court for further proceedings.

**IT IS SO ORDERED.**