In re GRUBBS CONSTRUCTION COMPANY, Debtor.

C & B, L.L.C., Plaintiff,

v.

Grubbs Emergency Services, Inc., Grubbs Construction Company, and United States Fire Insurance Company, Defendant.

Bankruptcy No. 8:03–bk–08573.
Adversary No. 2:03–ap–7115.

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

Nov. 26, 2003.

Chris Hellums, Pittman, Hooks, Dutton & Hollis, P.C., Birmingham, AL, Clark W. Mason, Clark W. Mason, P.A., Little Rock, AR, for Plaintiff.

Michael K. Redd, Smith, Maurras, Cohen, Redd & Horan, Thomas E. Robertson, Jr., Pryor, Robertson & Barry, PLLC, Fort Smith, AR, Shawn M. Brannagan, Hogan Law Firm, Brooksville, FL, David S. Jennis, Jennis & Bowen, P.L., James S. Myers, McRae & Metcalf, P.A., Tampa, FL, for Defendant.

## ORDER

RICHARD TAYLOR, Bankruptcy Judge.

The issues before the Court are whether this Court should partially remand, or remand in its entirety a removed state court proceeding; abstain from hearing the matter; or exercise jurisdiction over the adversary proceeding and transfer some or all of it to the Middle District of Florida. The predicate motions were heard on September 16, 2003, and taken under advisement. The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

On March 11, 2003, plaintiff C & B, L.L.C. ("C & B"), filed its complaint against Grubbs Emergency Services, Inc. ("GES"), Grubbs Construction Company ("Grubbs"), and United States Fire Insurance Company ("US Fire"), in the Circuit Court of Scott County, Arkansas. Generally, the asserted causes of action arose from contracts between C & B and the two Grubbs entities as well as its alleged surety, U.S. Fire. C & B brought claims for breach of contract, fraud, tortious interference against GES and Grubbs, and an action against Grubbs based on a promissory note.[1] GES and U.S. Fire each failed to file an answer or responsive pleading in the state court action. On April 28, 2003, Grubbs filed a voluntary petition for Chapter 11 bankruptcy protection in the Middle District of Florida, Tampa Division.

On July 1, 2003, U.S. Fire filed an application for removal resulting in the adversary proceeding before this Court. In response to the removal, C & B filed its motion for remand of state court civil action and for abstention. Initially, C & B requested that the Court abstain and/or remand this entire matter back to the Circuit Court of Scott County. C & B later amended its motion and requested that the Court abstain from all matters except the claim(s) asserted against Grubbs with "the understanding that this claim will be transferred to the Bankruptcy Court for the Middle District of Florida (Tampa) for ultimate resolution."[2] Grubbs and GES also entered their appearances and initially concurred with U.S. Fire's request that all matters be heard by the United States Bankruptcy Court for the Western District of Arkansas. Later, GES and Grubbs filed a motion to transfer the case to the United States Bankruptcy Court for the Middle District of Florida. For the reasons stated below, and pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 1452, this Court shall abstain from hearing this adversary proceeding and the matter is remanded in its entirety to the Circuit Court of Scott County, Arkansas.

---

**1.** Federal Rule of Bankruptcy Procedure 9027 requires that the notice of removal be accompanied by a copy of all process and pleadings of the case to be removed. The present removed action did not contain the required pleadings from the state court.

**2.** C & B's Am. Mot. for Partial Remand of State Ct. Civil Action and for Partial Abstention at p. 2.

## JURISDICTION

■ This Court has jurisdiction pursuant to 28 U.S.C. § 1452, 28 U.S.C. § 1334, and 28 U.S.C. § 157. Section 1452(a) provides that a party may remove any claim or cause of action in a civil action to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.[3] Turning to § 1334, subsection (a) provides that federal district courts have exclusive jurisdiction over all *cases* under title 11.[4] Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil *proceedings* arising under title 11, or arising in, or related to cases under title 11."[5]

■ A proceeding "arises under" title 11 if a claim asserted is created by or based on a provision of the bankruptcy code.[6] An action by a trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be acting based on a right conferred by the bankruptcy code.[7] A proceeding "arises in" a case under title 11 if it is not based on any right expressly created by the bankruptcy code but has no existence outside the bankruptcy case.[8] Examples of "arising in" would be allowance or disallowance of a claim, orders in respect to obtaining credit, confirmation of plans, and

orders permitting the assumption or rejection of contracts.[9] Comparatively, the issues in this adversary proceeding deal with breach of contract, fraud, and tortious interference, which are matters that are not based on the bankruptcy code, and would existence entirely outside of the bankruptcy case. In fact, these matters are strictly based on state law, and, therefore cannot be considered to "arise under" or "arise in" a case under title 11. Thus, the only other way for jurisdiction to be established under § 1334(b) is if this adversary proceeding is "related to" a case under title 11.

■ The Eighth Circuit stated that the test for determining whether a civil proceeding is "related to" a case under title 11 is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.[10] An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action, and which in any way impacts upon the handling and administration of the bankruptcy estate.[11] In the present case, it is evident that "related to" jurisdiction is established under § 1334(b) in that the outcome of the state court action could result in liability for all of the defendants, and, thus, could conceivably effect the bankruptcy estate of defendant Grubbs.[12]

---

3. 28 U.S.C. § 1452(a).

4. 28 U.S.C. § 1334(a)(emphasis added).

5. 28 U.S.C. § 1334(b)(emphasis added).

6. *Frelin v. Oakwood Homes Corp.*, 292 B.R. 369 (Bankr.E.D.Ark.2003)(citing to *National City Bank v. Coopers and Lybrand*, 802 F.2d 990, 994 (8th Cir.1986)).

7. *National City Bank*, 802 F.2d at 994

8. *Frelin*, 292 B.R. at 376–377(citing to *In re Chambers*, 125 B.R. 788, 793 (Bankr.W.D.Mo. 1991)).

9. 1 Collier on Bankruptcy ¶ 3.01[4][c], at 3–29—30 (15th Ed. Rev.)(2003).

10. *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770 (8th Cir.1995).

11. *Frelin*, 292 B.R. at 377 (citing *Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc.*, 810 F.2d 782 (8th Cir.1987)).

12. Despite the grant of jurisdiction to the district court in § 1334(b), the bankruptcy court is the tribunal that has been conferred jurisdiction because of the power of referral given to the district courts by 28 U.S.C.

## Core Proceedings vs. Non Core Proceedings

 Once this Court's jurisdiction is established, the Court determines whether a civil proceeding is categorized as either a "core proceeding" or a "non-core proceeding."[13] The Eighth Circuit has found that core proceedings are proceedings that "arise under" or "arise in" a bankruptcy case.[14] Non-core proceedings, on the other hand, are merely "related to" the bankruptcy case.[15] This is a non-core proceeding.

## ABSTENTION

 28 U.S.C. § 1334(c) provides for two types of abstention, mandatory and permissive. Mandatory abstention under § 1334(c)(2) provides that "upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction."[16] Therefore, pursuant to § 1334(c)(2), "this Court must abstain from hearing a matter if (1) a timely motion is made; (2) the claim or cause of action is based upon state law; (3) the claim or cause of action is 'related to' a bankruptcy case, but did not 'arise in' or 'arise under' the bankruptcy case; (4) such

action could not have been commenced in federal court absent § 1334 jurisdiction; (5) such action is commenced in state court; and (6) such action can be timely adjudicated in state court."[17]

Applying these factors to the present case, it is clear that all factors can be satisfied except for factor four, which requires that the action could not have been commenced in federal court absent § 1334 jurisdiction. Here, diversity of citizenship exists between the plaintiff and defendants and the amount in controversy appears to confer federal jurisdiction and take the present matter outside of the purview of mandatory abstention under § 1334(c)(2).

 Even though mandatory abstention does not apply, § 1334(c)(1) provides for discretionary abstention. Section 1334(c)(1) states that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."[18] The Eighth Circuit has suggested the following factors to assist a court in determining whether discretionary abstention is appropriate:

(1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention,

(2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficult or unsettled nature of the applicable law,

§ 157(a) and Local Rule 83.1, which automatically refers matters such as this to the bankruptcy court.

13. *Frelin*, 292 B.R. at 377.

14. *Specialty Mills, Inc.*, 51 F.3d at 773–774 (referring to 28 U.S.C. § 157(b) & (c)).

15. *Id.*

16. 28 U.S.C. § 1334(c)(2).

17. *Frelin*, 292 B.R. at 381 (citing *In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir.1988)).

18. 28 U.S.C. § 1334(c)(2).

(4) the presence of a related proceeding commenced in state court or other non bankruptcy court,

(5) the jurisdictional bases, if any, other than 28 U.S.C. § 1334,

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7) the substance rather than the form of an asserted "core" proceeding,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) the burden on the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties,

(11) the existence of a right to a jury trial, and

(12) the presence of non debtor parties in the proceeding.[19]

Application of the above factors dictate that discretionary abstention is appropriate. Specifically, abstention should have no effect on the efficient administration of the bankruptcy estate. State law issues are the only matters before the Court, and application of bankruptcy law does not appear to be required. At its essence, this is a non-core proceeding that at best is merely related to the Grubbs bankruptcy.

Furthermore, this is a state court action where there are two non-debtor defendants, U.S. Fire and GES. Proceeding against the two non-debtor defendants will not impact the Grubbs bankruptcy, and, in fact may be C & B's preferred choice. Should C & B wish to proceed against Grubbs, it can file a motion to lift the stay in the Florida bankruptcy proceeding and pursue Grubbs in the state court action in that manner. In the event the motion for relief is denied, C & B may still proceed by allowing the Florida bankruptcy court to liquidate its claim through the claims liquidation process.[20] Likewise, U.S. Fire can proceed as it wishes with respect to whatever prophylactic proof of claim it wishes to file in the Grubbs bankruptcy.

Finally, U.S. Fire and GES have given this Court every indication that this proceeding before the bankruptcy court involves forum shopping. GES and U.S. Fire failed to file any answers or responsive pleadings in the state court action. Missing their chance in state court, U.S. Fire and GES are now asking this Court to exercise its power under 11 U.S.C. § 105 to provide that the automatic stay applicable to Grubbs upon filing its bankruptcy in April 2003 also applies to them.[21] In essence, U.S. Fire and GES appear to be using the bankruptcy court to get a second chance at answering C & B's complaint. The Court recognizes this as an attempt to forum shop, and declines to use its § 105 power to extend the automatic stay to U.S. Fire and GES. For these reasons, the Court finds that discretionary abstention is appropriate.

## REMAND

This Court recognizes that some courts have held that abstention does

**19.** *Frelin,* 292 B.R. at 383 (citing *In re Williams,* 256 B.R. 885 (8th Cir. BAP 2001)).

**20.** There has been no evidence presented that C & B filed a proof of claim in the Grubbs bankruptcy.

**21.** "Pl.'s United States Fire Insurance Co., and Defs.', Grubbs Emergency Services, Inc., and Grubbs Construction Company, Joint Supplemental Mem. in Opp'n. to C & B's Mot. for Partial Remand of State Court Civil Action and for Partial Abstention" at pp. 2, 6.

not apply to removed matters.[22] This Court declines to follow that reasoning. However, even if this Court were to follow that reasoning, 28 U.S.C. § 1452(b) provides that a bankruptcy court may remand a removed action on equitable grounds.[23] The analysis used to determine whether equitable remand is proper under § 1452 is nearly identical to that used to determine whether discretionary abstention is appropriate.[24] In addition to those factors, the bankruptcy court should also consider:

(a) whether remand serves principles of judicial economy,

(b) whether there is prejudice to unremoved parties,

(c) whether remand lessens the possibilities of inconsistent results, and

(d) whether the court where the action originated has greater expertise.[25]

As discussed earlier, nearly all the factors weigh in favor of discretionary abstention, and, thus, also weigh in favor of remand. The additional factors to consider also weigh in favor of remand. Here, principals of judicial economy dictate that the state court should be the court to continue hearing the matter. In particular, this is an instance in which the parties have defaulted, and the State court is better situated to handle the default, especially because there are motions for default already pending before that court.[26] Moreover, absent entry of default, the state court is better suited to deal with issues that are strictly matters of state law, such as breach of contract and tortious interference.

## TRANSFER

Given this Court's determination that discretionary abstention and equitable remand are proper, the Court need not decide the motion to transfer filed by GES and Grubbs. Case law supports that not only does this Court have jurisdiction to decide the abstention and remand issues, but that this Court should decide those matters before determining if venue is proper.[27] It should be noted that were this Court to decide the motion to transfer, it would not do so in favor of GES. By every appearance, GES waived its right to assert any 12(b) defenses by failing to respond in the state court action. It would thus be incongruous to allow it to come before this Court and request a change of venue based on the same grounds. It should further be noted that the parties were invited to provide Eighth Circuit case law to contradict this, but the parties failed to do so.

For the foregoing reasons, this Court finds that abstention and remand of the entire matter to the Circuit Court of Scott County Arkansas is proper.

IT IS SO ORDERED.

22. *Frelin,* 292 B.R. at 380–381 (citing courts, in circuits other than the Eighth circuit, that have found that abstention does not apply to a removed case, but further stating that the majority of courts hold that mandatory abstention applies to cases that have been removed to federal court).

23. 28 U.S.C. § 1452(b).

24. *Frelin,* 292 B.R. at 383 (citing *Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 B.R. 863 (N.D.Ill.1991)).

25. *Frelin,* 292 B.R. at 383–384 (citing *Arkansas Dep't of Human Servs. Div. of Med. Servs. v. Black & White Cab Co., Inc.,* 202 B.R. 977 (Bankr.E.D.Ark.1996)).

26. C & B, L.L.C.'s Mot. for Remand of State Court Civil Action and for Abstention at p. 2, ¶ 2.

27. *Frelin,* 292 B.R. at 380 (citing e.g. *Lone Star Indus., Inc. v. Liberty Mut. Ins.,* 131 B.R. 269 (D.Del.1991)).