**In re OAKWOOD ACCEPTANCE CORPORATION, Debtor.**

**Oakwood Acceptance Corporation, Plaintiff,**

v.

**Alfred Tsinigini and Tamara Tsinigini, Defendants.**

**Bankruptcy No. 02–13396 (PJW). Adversary No. 03–1261 M.**

United States Bankruptcy Court, D. New Mexico.

April 13, 2004.

Leo R. (Butch) O'Neal, Albuquerque, NM, for Defendants.

Pia Gallegos, Albuquerque, NM, for Plaintiff.

### ORDER GRANTING RULE 60 MOTION FOR RELIEF FROM ORDER AND GRANTING MOTION TO REMAND

MARK B. McFEELEY, Bankruptcy Judge.

THIS MATTER is before the Court on the Rule 60 Motion for Relief from Order (the "Rule 60 Motion") filed on March 25, 2004 by Oakwood Acceptance Corporation (the "Plaintiff") through its attorney, R. Ruben Gallegos. The Rule 60 Motion asks this Court to grant relief from the Order Granting Motion to Remand (the "Order") entered on February 2, 2004 pursuant to Rule 60(b), Federal Rules of Civil Procedure, made applicable to bankruptcy through Bankruptcy Rule 9023(b). Because the Court finds that it mistakenly determined that the Notice of Removal was untimely filed, the Court will grant the Rule 60 Motion. Nevertheless, the Court finds that it should abstain from this cause of action, and remand this proceeding to the Navajo Tribal Court. In connection with this ruling the Court finds the following:

1. On August 16, 2000, the Plaintiff filed in the Shiprock District Court for the

Navajo Nation (the "Navajo District Court") a Petition for Order Allowing Repossession of Collateral, consisting of a mobile home. Case No. SR–CV–461–00. The Navajo District Court granted the petition allowing repossession.

2. The Defendants filed a notice of appeal with the Navajo Nation Supreme Court (the "Navajo Supreme Court") on November 7, 2002. The Defendants then filed a motion to stay the execution of the judgment pending the appeal, which was denied by the Navajo District Court.

3. After the denial of the stay pending appeal, the Defendants filed a Petition for Temporary Restraining Order and Stay of Execution Pending Appeal in the Navajo Supreme Court, which the Navajo Supreme Court granted in open court allowing the Defendants to retain possession of the mobile home pending the outcome of their appeal. Upon learning that the mobile home had already been picked up, the Navajo Supreme Court ordered the Plaintiff to immediately return the mobile home to the Defendants. *See* Exhibit 1 to Motion to Remand. The Plaintiff has not returned the mobile home.

4. Two days later, Oakwood Homes Corporation and its subsidiaries, including Oakwood Acceptance Corporation, filed Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware. The Plaintiffs' bankruptcy proceedings are being jointly administered under Case No. 02–13396(PJW).

5. Upon learning of the bankruptcy, the Navajo Supreme Court stayed the appeal.

6. The Defendants then filed in the Navajo Supreme Court a motion for order to show cause why the Plaintiff should not be held in contempt of court for its failure to return the mobile home. The Plaintiff

asserted that it could not return the mobile home without relief from the stay.

7. On April 23, 2003, the Navajo Supreme Court ruled that the stay in bankruptcy did not apply to the appeal and reasserted its order directing the Plaintiff to return the mobile home.

8. On June 24, 2003, the Plaintiff filed a Notice of Removal of this cause of action to this Court. In paragraph 7 of the Notice of Removal, the Plaintiff stated that the Delaware Bankruptcy Court had granted an extension on the deadline for filing notices of removal to August 12, 2003.

9. Defendants' Motion to Remand Tribal Cause of Action on Grounds of Jurisdiction, Abstention and Comity and Brief in support (the "Motion to Remand") was filed on October 3, 2003. The Plaintiff filed an Opposition to Motion to Remand ("Opposition") on December 5, 2003. The Defendants filed a Reply to Plaintiff's Opposition to Motion to Remand on December 22, 2003 (the "Reply"), and the Plaintiff filed a Motion to Allow Sur–Reply on Motion to Remand on January 27, 2004 (the "Sur–Reply").

### Discussion

Because the Delaware Bankruptcy Court has extended the deadline for filing notices of removal to August 12, 2003, the Notice of Removal was timely filed. The Court, therefore, finds cause to grant the Rule 60 Motion and will consider the merits of the Motion to Remand and the Opposition.

In its Opposition, the Plaintiff first argues that this Court has core jurisdiction over this proceeding and therefore is the proper forum for this dispute. In asserting that this adversary proceeding is a core proceeding, the Plaintiff focuses on the ruling by the Navajo Supreme Court that the bankruptcy stay was not applica-

ble to the appeal before it. The Plaintiff asserts that the Navajo Supreme Court had no authority to rule on the application of the bankruptcy stay; therefore, the decision was made in violation of the stay and was void. The Plaintiff asserts that this Court should deny the Motion to Remand and rule on the applicability of the stay and the other appellate issues as core matters.

■■■ Bankruptcy courts have core jurisdiction to terminate, annul, or modify the automatic stay. 28 U.S.C. § 157(b)(2)(G). However, state courts have the authority to determine whether the stay in bankruptcy applies to proceedings before them. *See Singleton v. Fifth Third Bank (In re Singleton)*, 230 B.R. 533, 539 (6th Cir. BAP 1999)(holding that state court had jurisdiction to determine whether automatic stay applied to foreclosure sale of debtor's corporate property); *Siskin v. Complete Aircraft Services, Inc. (In re Siskin)*, 258 B.R. 554, 563 (Bankr.E.D.N.Y.2001)(citing as majority rule that state courts have jurisdiction to decide whether the automatic stay applies to actions before them). Therefore, the Navajo Supreme Court had the authority to determine whether the bankruptcy stay applied to this appeal. This Court will not revisit this decision. Nevertheless, whether the Court should remand the case to continue its course before the Navajo Supreme Court requires a further determination of this Court's jurisdiction over this adversary proceeding and whether the Court should exercise that jurisdiction.

■■■ This adversary proceeding concerns a repossession action commenced by the Plaintiff in Navajo District Court. The Court must first determine whether it has core or non-core jurisdiction to decide the issues on appeal in a repossession proceeding. 28 U.S.C. § 157(b)(3). The Court finds that this repossession action is not a core proceeding because it has existence outside of the bankruptcy. *See Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir.1990)(holding that core proceedings are those which have no existence outside the bankruptcy). This repossession action has been adjudicated by the Navajo District Court and is on appeal before the Navajo Supreme Court. The appellate court has ordered the Plaintiff to return the collateral pending the outcome of the appeal. These events do not alter the basic nature of the action as one for repossession, which is a non-core matter. *See* 28 U.S.C. § 157(b)(2)(listing non-exhaustive list of core proceedings); *see also, Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir.1987)(holding that state law contract actions are non-core even though may have effect on estate assets); *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159, 162 (9th Cir.1986)(holding that pre-petition state court contract action was non-core).

■■■ The Plaintiff next asserts that even if this is not a core proceeding, this Court should exercise jurisdiction over this proceeding under its "related to" jurisdiction. 28 U.S.C. § 157(c)(1). A proceeding is related to a bankruptcy if the outcome of the proceeding "could conceivably have [an] effect on the estate being administered in bankruptcy." (emphasis in original). *Gardner*, 913 F.2d at 1518, quoting, *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984). The Plaintiff argues that if the Navajo District Court's order allowing repossession is upheld, then the mobile home will become part of the Plaintiff's bankruptcy estate and thus, this proceeding is related to the bankruptcy proceeding. The Court finds that the action could conceivably have an effect on the Plaintiff's bankruptcy estate; therefore, the Court has "related to" jurisdiction over this re-

possession proceeding.[1] *See Castlerock Properties*, 781 F.2d at 162 (state court contract proceeding was related to bankruptcy, requiring district court to enter final judgment under 28 U.S.C. § 157(c)(1)).

Having determined that the Court has "related to" jurisdiction, the Court must determine whether it should exercise that jurisdiction. The Tenth Circuit Bankruptcy Appellate Panel has held that if a bankruptcy court has only "related to" jurisdiction over the removed proceeding, the bankruptcy court must remand if it is required to abstain under 28 U.S.C. § 1334(c)(2)(the mandatory abstention provision). *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 775 (10th Cir. BAP 1997)(finding that if abstention is required under § 1334(c)(2), a court should remand to state court). *See also, Lozano v. Swift Energy Co. (In re Wright)*, 231 B.R. 597, 603 (Bankr.W.D.Tex.1999)(recognizing disagreement among courts as to whether abstention applies to removed proceedings and concluding that the result of abstention should be remand in most cases).[2] The abstention provision in § 1334(c)(2) states as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

Pursuant to this section, a bankruptcy court in a proceeding related to a bankruptcy must abstain from adjudicating a proceeding commenced in state court and based upon state law claim if the proceeding can timely be adjudicated in the state forum. *In re Wright*, 231 B.R. at 601; *see also Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 380 (Bankr.E.D.Ark. 2003) (finding removed proceeding non-core and holding that mandatory abstention was required in state court deceptive trade practices action that was removed to bankruptcy court, two years after it was filed, and after substantial progress had been made in state court).

Under the circumstances of this case, the Court concludes that this proceeding should be remanded because it was commenced in tribal court and is based on tribal and state law concerning

---

**1.** Significantly, the Defendants state that they do not consent to this Court rendering a final opinion in this case if it exercises its "related to" jurisdiction. If the Court retains jurisdiction over this case, the Court would have to submit proposed findings of fact and conclusions of law to the U.S. District Court for a final decision. *See* 28 U.S.C. 157(c)(1) and (2).

**2.** Some disagreement exists among courts concerning whether the doctrines of mandatory and discretionary abstention may be applied to a matter that has been removed to bankruptcy court, or whether the exclusive remedy for a party in a removed matter is to move for a remand of the action under 28 U.S.C. § 1452(b), which allows a court to remand "on any equitable ground." The majority of courts, including the Tenth Circuit, have held that if the mandatory abstention requirements are met, a case removed to bankruptcy court should be remanded. *See* Sheri A. Bluebond, *Recent Developments in Jurisdiction, Venue, Abstention, Remand, Removal, Withdrawal of the Reference, Jury Trials and Appeals*, 849 PLI/Comm 117, Practicing Law Institute Commercial Law and Practice Course Handbook Series, Apr. 2003, at 43–45.

repossession of collateral by a lender.[3] The matter is not a core proceeding, but it "related to" the bankruptcy proceeding. The action has a long history in the Navajo courts. The Plaintiff has not shown that the case cannot be timely adjudicated in the tribal forum. Consequently, the Court finds that the Defendants have shown cause to remand this non-core proceeding to allow the Navajo Supreme Court to continue its review of the repossession order on appeal.

In its Sur–Reply, the Plaintiff asserts that any legal or equitable interest it owned in the mobile home at the time of filing became property of its bankruptcy estate. 11 U.S.C. § 541. The Plaintiff argues that this Court should exercise jurisdiction to determine whether the mobile home is property of the estate. Even though the Plaintiff had possession of the mobile home when it filed bankruptcy, the Plaintiff was also under court order to return the mobile home to the Defendants. The question of rightful possession was the focus of the repossession action on appeal at the time of the bankruptcy filing. Thus, whether the mobile home is property of the estate is dependent on the outcome of the appeal in the Navajo Supreme court.

▮ Even assuming *arguendo* that this Court has core jurisdiction to determine whether the mobile home is property of the estate, the Court may remand the case under the discretionary remand provision, which allows a court to remand a proceeding on "any equitable ground." 28 U.S.C. § 1452(b). The standards used to determine whether equitable remand is warranted under § 1452(b) are virtually

identical to those used to determine whether discretionary abstention is merited under § 1334(c)(1). *See Frelin,* 292 B.R. at 383–84 (outlining factors for equitable remand and discretionary abstention), citing *Williams v. Motel 6 Multipurpose, Inc.,* 120 F.Supp.2d 776, 781 (E.D.Ark.1998) and *Arkansas Dept. of Human Services Div'n of Medical Services v. Black & White Cab Co., Inc. (In re Black & White Cab Co., Inc.),* 202 B.R. 977 (Bankr.E.D.Ark.1996). The factors to consider in discretionary abstention are:

1. the effect of remand on the efficient administration of the estate;

2. the extent to which state law issues predominate over bankruptcy issues;

3. the difficult or unsettled nature of the applicable law;

4. the presence of a related proceeding commenced in state court or other non-bankruptcy court;

5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6. the degree of relatedness of the proceeding to the bankruptcy case;

7. the substance rather than the form of an asserted "core" proceeding;

8. the feasibility of severing state law claims from core bankruptcy matters;

9. the burden on the bankruptcy court's docket;

10. the likelihood that the proceeding involves forum shopping;

11. the existence of a right to jury trial; and

---

**3.** The Court notes that repossession is a state law cause of action, but that when repossessing collateral located on tribal lands, a creditor must first obtain the consent of the obligor or a tribal court order allowing repossession. Navajo Tribal Code tit. 7, § 607 (1977). Tribal court's have concurrent jurisdiction with New Mexico state district courts over repossession proceedings. *See Tempest Recovery Services, Inc. v. Belone,* 134 N.M. 133, 74 P.3d 67, 72 (2003).

12. the presence of non-debtor parties. *Frelin,* 292 B.R. at 383.

 In addition to the factors outlined above, the Court should consider these factors in considering a motion to remand under § 1452(b):

1. whether remand serves principles of judicial economy;

2. whether there is prejudice to parties not removed;

3. whether the remand lessens the possibilities of inconsistent results; and

4. whether the court where the action originated has greater expertise.

*Id.* at 384.

In this case, the Court finds that the pertinent factors outlined above weigh in favor of remanding this proceeding to the Navajo court. In this case, state and tribal law issues clearly predominate over bankruptcy law issues. Even with a possible question of whether the mobile home is now property of the estate, the predominate issue is whether the Plaintiff properly repossessed the mobile home, a non-bankruptcy law issue. Because this action has been tried and is on appeal with the tribal courts, removal at this point would result in a waste of judicial resources. Expertise with repossession actions clearly favors remand to the Navajo courts. The legal or equitable right of the Plaintiff to this property can be best settled by the Navajo courts. *See Frelin,* 292 B.R. at 385 (stating that state law claims may be decided in state court with enforcement left to the bankruptcy court).

Having determined that this adversary proceeding should be remanded, the Court need not address Defendant's additional argument for remand based on the Rooker–Feldman doctrine.

For the reasons stated above, the Court hereby grants the Motion for Relief from Order. However, the Court concludes that under either the mandatory abstention requirements or the discretionary abstention and equitable remand standards, remand of this proceeding is appropriate. Therefore, the Motion to Remand is hereby GRANTED and the proceeding is hereby REMANDED to the Navajo Supreme Court for further proceedings.