In re TALISMAN MARINA, INC., Debtor.

Talisman Marina, Inc., Plaintiff,

v.

Heartstone Developers, LLC, Defendant.

Bankruptcy No. 9:07–bk–08435–ALP.
Adversary No. 9:07–ap–00513–ALP.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 15, 2008.

See also 2008 WL 850323.

John F. Panzarella, Richard J. McIntyre, McIntyre Deese Baruch Panzarella et al., Temple Terrace, FL, for Debtor/Plaintiff.

Hywel Leonard, Carlton Fields, P.A., Tampa, FL, Lee H. Rightmyer, Carlton, Fields, Ward, et al., St. Petersburg, FL, Robert N. Gilbert, Carlton Fields P.A., West Palm Beach, FL, for Defendant.

### ORDER ON HEARTSTONE DEVELOPERS, LLC'S MOTION TO REMAND AND/OR FOR MANDATORY ABSTENTION (Doc. No. 26)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration is a Motion to Remand and/or for Mandatory Abstention filed by Heartstone Developers, LLC (Heartstone) (Doc. No. 26). The

lawsuit between the parties originally began when Talisman Marina, Inc. (the Debtor) filed a relief action against Heartstone, Dominick Caccavella, Louis Castellanos, and Vito Lochiatto in the Circuit Court for the Twentieth Judicial Circuit in and for Charlotte County, Florida (State Law Action).

In Count I of its State Law Action, the Debtor in its Complaint sought damages based on alleged Slander of Title. Count II is an action against the Defendant for declaratory relief, pursuant to Florida Statutes, Chapter 86. The Debtor in its Complaint is seeking that an order be entered on Count II naming the Debtor as the owner of the disputed tract; that the disputed tract was never owned by any of the Defendants; that the Defendants possess no interest in the disputed tract; and the Debtor is entitled to an unfettered access to the disputed tract. The Debtor in Count III of the State Law Action sought Injunctive Relief prohibiting the Defendants from asserting any interest in the disputed tract.

The Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code on September 14, 2007. On October 3, 2007, the Debtor filed a Notice of Removal of the State Law Action to the United States District Court for the Middle District of Florida, Fort Myers Division (District Court). On October 15, 2007, Heartstone filed its Motion and Response in the District Court. On November 5, 2007, the District Court transferred the State Law Action and all pending motions to the Bankruptcy Court's Fort Myers Division.

## EVENTS PRECEDING THE REMOVAL

On February 12, 2006, the Debtor filed its State Law Action against Heartstone and its principals, seeking declaratory and injunctive relief. Specifically, the Debtor as owner of submerged lands, alleged that Heartstone, as owner of adjoining uplands, was infringing on its property rights by erecting docks over its submerged land. In response to the Debtor's State Law Action, Heartstone asserted that in 1994, its riparian rights to erect, repair, maintain, and use the docks were established by the entry of a Final Judgment entered by the State Court in a litigation between Heartstone and the Debtor's predecessors in title.

Prior to the hearing scheduled on Heartstone's Motion for Summary Judgment, the Debtor sought leave to file an Amended Complaint. The Debtor's motion was granted. The Debtor's Amended Complaint sought a declaratory judgment in Count I, damages for slander of title in Count II, and injunctive relief in Count III. All of these claims presented a different factual basis and apparently different legal allegations to support its amended claims based on the contention that Heartstone was infringing on its property rights by erecting docks in its water over the submerged land owned by the Debtor.

On September 14, 2007, just a month before the case was set for trial, the Debtor filed its Petition for Relief under Chapter 11, Case No. 9:07–bk–08435. On October 3, 2007, after the Debtor filed its Petition, it removed the State Law Action to the United States District Court for the Middle District of Florida, Fort Myers Division. Heartstone originally filed the Motion to Remand in the Middle District of Florida on October 15, 2007. On November 5, 2007, the Middle District transferred the State Law Action to this Court and ordered that all pending motions shall be terminated. On November 31, 2007, Heartstone filed a Motion to Remand and/or for Mandatory Abstention pursuant to Fed. R. Bankr.P. 9027(e)(3) pursuant to 28 U.S.C. 1334(c)(2).

These are the facts which according to Heartstone, mandate the remand back to the State Court for the following reasons: 1) none of the claims filed by the Debtor present a federal question of jurisdiction, and no diversity exists between the parties to support diversity jurisdiction in the federal court; 2) the State Law Action was filed before bankruptcy in the State Court; 3) the issue in the State Law Action does not arise under Chapter 11 or under Title 11. In addition, Heartstone points out that the resolution of the issues involved would not have any material effect on the resolution of the issues in the State Law Action.

It is the Debtor's contention that the dispute involves property of the estate over which the Bankruptcy Court has exclusive jurisdiction, and therefore, a mandatory abstention is not applicable.

## LEGAL ANALYSIS

Mandatory abstention is based on 28 U.S.C. 1334(c)(2) which provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such a proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

It cannot be gainsaid that the controversy was not commenced and pending at the time of the filing of the bankruptcy case. It is equally apparent that the dispute in the State Law Action can be resolved without any undue delay, and therefore, the mandatory abstention provision should apply. The subject matter is at most "related" to Chapter 11 and the characterization of the dispute by the Debtor that the same is a "core" proceeding is not supported by the record. It is well established that the matter is not a "core" proceeding merely because the resolution of the action may result in more or less assets in the estate. *In re J. Baranello & Sons, Inc.,* 149 B.R. 19 (Bankr. E.D.N.Y.1992); *Matter of U.S. Brass Corp.,* 110 F.3d 1261, 1268–69 (7th Cir. 1997). In *Matter of U.S. Brass Corp.,* the court held that the proceeding for a determination of insurance coverage was a "non-core" proceeding because the issue of whether the coverage existed under a $5 million insurance policy would be determined in suit for breach of contract in state court if insureds were not in bankruptcy. In the alternative, the Debtor also seeks a remand of the removed case on equitable grounds pursuant to 28 U.S.C. 1452(b).

This Section authorizes a remand of a removed claim or cause of action on any equitable grounds. In determining whether or not the remand of an action is proper on an equitable ground, the courts would consider as relevant the following factors:

1) the effect remand would have on the efficient and economic administration of the estate,

2) efficient uses of judicial resources,

3) the nature of the claim or claims and the extent to which issues of state law predominate,

4) the existence of prejudice to unremoved parties,

5) comity considerations,

6) whether remand lessens the possibility of inconsistent results,

7) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

8) the presence of non-debtor parties,

9) the existence of the right to a jury trial,

10) the burden of the bankruptcy court's docket,

11) the prejudice to involuntarily removed parties,

12) the plaintiff's choice of forum.

*See In re Grace Community, Inc.,* 262 B.R. 625, 629 n. 6 (Bankr.E.D.Pa.2001); *In re Hotel Mt. Lassen, Inc.,* 207 B.R. 935, 942 (Bankr.E.D.Cal.1997); *In re Black & White Cab Co., Inc.,* 202 B.R. 977, 978–79 (Bankr.E.D.Ark.1996); *In re S. Technical Coll., Inc.,* 144 B.R. 421, 422 (Bankr. E.D.Ark.1992); *Drexel Burnham Lambert Group v. Vigilant Ins. Co.,* 130 B.R. 405, 407 (S.D.N.Y.1991). The application of the foregoing factors in the present instance supports the conclusion that the State Law Action should be remanded to the State Court where it was originally filed. The dispute is clearly a State Law Action and not a "core" proceeding. The remand will not adversely impact the administration of the estate. Concerning judicial efficiency, the State Law Action was ready for trial before it was removed. The State Court judge is intimately familiar with claims and issues involved in the case. The fact of the matter is that the State Court judge presided over a similar case in which Heartstone contended has a binding effect on the doctrine of *res judicata* with regard to the current matter. Moreover, Heartstone did not consent to the entry of a final judgment by this Court. Therefore, this court's power would be limited to submitting a recommended findings of fact and conclusion of law to the District Court, who will then review any findings and conclusions of this court *de novo,* pursuant to 28 U.S.C. § 157(c)(1) and F.R.B.P. 9033.

In sum, based on the record, this Court is satisfied that the Motion for Mandatory Abstention under 28 U.S.C. 1334(c)(2) is appropriate. This Court shall abstain to consider the Amended Complaint filed by the Debtor pursuant to 28 U.S.C. 1452(b) and remand the same back to the original court where the action was commenced on equitable grounds.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Heartstone Developers, LLC's Motion to Remand and/or for Mandatory Abstention (Doc. No. 26) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Complaint filed by Talisman Marina, Inc., in the above-captioned adversary proceeding be, and the same is hereby, remanded to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.